THADDEUS RICHARDSON & others *vs.* T. B. HADLEY.

Middlesex. Jan. 26. — March 1, 1875. AMES & ENDICOTT, JJ., absent.

The plaintiffs and the defendant were directors of a railroad corporation and made promissory notes whereby they raised money for the completion of the road, which money they advanced to the company, receiving in return its bonds and notes. It was arranged between them to pay their notes in certain proportions, and the defendant, as his share, gave a bond conditioned for the payment by him of one half of two of the said notes, and, as collateral security for the performance of this undertaking, assigned to the plaintiffs certain notes and bonds of the company held by him. The railroad was afterwards sold, and the proceeds of the sale being insufficient, after payment of the bonds of the company, to pay all the creditors in full, the parties to this suit, who were substantially all the creditors, agreed to divide the surplus proportionately among the creditors. The notes of which the defendant had assumed the payment of one half were then paid by a check drawn by order of the directors on the money which accrued from the sale of the road, the parties agreeing to meet and account afterwards. Upon the accounting, the percentage was calculated to which the creditors were entitled, the defendant was credited with his percentage in full, and the amount received by one of the plaintiffs, who did not receive his percentage in full on his notes, was diminished by defendant's failure to pay the notes named in his bond. *Held,* that the defendant was still liable on his bond, and that an action at law was rightly brought thereon.

CONTRACT on a bond executed by the defendant, and conditioned for the payment by him of one half of two joint and several promissory notes, made by the plaintiffs and the defendant. All the plaintiffs, except Richardson, disclaimed any interest in the suit. Trial in the Superior Court, before *Rockwell,* J., who ruled that the defendant was not liable at law upon his agreement, and ordered a verdict for the defendant. The plain-

tiffs alleged exceptions. The nature of the case appears in the opinion.

*W. B. Stevens,* for the plaintiff Richardson.

*A. B. Coffin,* for the defendant.

DEVENS, J. The only difficulty in determining whether the defendant is liable in this action arises from the complicated transactions between the parties themselves and the Stoneham Branch Railroad Company, which were assumed as facts in the ruling made by the learned judge who presided at the trial.

The substance of these transactions may, we think, be stated more clearly, and perhaps more briefly, than as they appear upon the bill of exceptions.

All the plaintiffs, with the defendant, were directors of the Stoneham Branch Railroad Company ; they had raised money upon the notes payable to Eliza J. Gerry, as well as upon several other notes, for the purpose of completing that road, upon which notes they were themselves the promisors. The money so raised by them had however been advanced to the railroad corporation, and for the money so advanced they had received its bonds and notes. It was then arranged among them that they would pay the notes thus signed by them in certain proportions, and by the obligation now sued the defendant agreed with the plaintiffs that he would pay as his share one half of the Gerry notes, and gave as collateral security for the performance of his obligation certain bonds and notes of the Stoneham Branch Railroad Company.

The Stoneham Branch Railroad Company was afterwards sold to the Boston and Lowell Railroad Corporation, and as it was known that the proceeds of the sale would not be sufficient to pay the creditors in full after payment of the bonds which were secured by mortgage, it was agreed between the parties to this suit, who were substantially all the creditors, that the surplus should be divided among the creditors *pro rata.*

The Gerry notes, however, instead of being paid by the signers in the proportions arranged, were then paid by a check drawn by order of the directors of the Stoneham Branch Railroad Company, for money which was part of the consideration for the sale of that road. The check as thus drawn represented money that would ultimately become due on the bonds and notes deposited by the

defendant as collateral and also money a portion of which would ultimately belong to the plaintiff Richardson, it being agreed that the parties should afterwards meet and account together. This transaction was not properly a payment by the Stoneham Branch Railroad Company of the Gerry notes. Upon those notes that corporation was not liable. For the money obtained by them it had given its own bonds and notes, and the act of the directors in drawing the check simply enabled those of its creditors who upon final settlement would be entitled to the money represented by it to use it presently in discharge of the notes. If, therefore, the amounts which ultimately became due upon the defendant's bonds and notes failed to meet the half of the Gerry notes, the money ultimately becoming due to others also represented in the check was necessarily used to meet this deficit. So far as his money was thus used, Richardson is entitled to the benefit of it as a payment made by him of that which the defendant by his obligation assumed and bound himself to pay.

Upon the subsequent accounting the dividend due to the creditors is calculated, and crediting the defendant with the full dividend on his claims against the corporation it is found that the dividend which the plaintiff Richardson receives is diminished through the failure of the defendant to pay one half of the Gerry notes, by an amount equal to one half of the difference between the value of the defendant's collateral securities and the half of the Gerry notes. To this extent, therefore, Richardson has been injured by the failure of the defendant to perform his agreement. There has been withheld from him money which would otherwise have come to him as his proper dividend upon his claims against the Stoneham Branch Railroad Company, and it has been devoted to that which the defendant agreed to pay as his " proper and separate debt."

We are not impressed with the suggestion that the remedy of the plaintiff is only in equity. Upon the case as presented, it is a matter entirely between the plaintiff Richardson and the defendant, and no rights of others which require to be adjusted in order to ascertain defendant's liability are involved in it.

*Exceptions sustained.*